13   327
133  581

---

## KIMMANS v. CHANDLER & LOCKHART.

1. ACTION FOR FALSE REPRESENTATIONS. A vendee cannot recover of the vendor for damages by reason of false representations, when it is not alleged or proved that the representations were known by the party making them to be false, or when it appears that the damages sustained are contingent and not actual.

*Appeal from Polk District Court.*

TUESDAY, JUNE 10.

THE facts are stated in the opinion of the court.

*M. D. & W. H. McHenry* for the appellant.

*Casady & Polk* for the appellee.

BALDWIN, C. J.—The defendants sold and assigned to plaintiffs, in consideration of $280, a bond of the school fund commissioner for a deed to a certain tract of the school lands. Defendants, it is claimed, represented that the interest upon said bond had been paid annually, up to the time of said purchase by plaintiff. It appeared that the interest for the year 1858 had not been paid by defendants, although they had so represented, when they assigned the bond to plaintiff. This suit is to recover the interest for that year, which plaintiff claims is an incumbrance upon the land, and which he will have to pay before he can obtain the title thereto.

The cause was submitted to the court, which, upon the evidence, rendered a special finding, in substance as follows: That Lockhart agreed with and represented to the plaintiff that the sum of $45, the interest for the year 1858, had been paid at the time of the trade. That plaintiff relied upon that statement, and entered into the contract believing that the interest for 1858 had been paid, and that the plaintiff used reasonable diligence in inquiring about the payment of the interest.

The court further found that said plaintiff had not paid said interest for 1858, to the county, but paid defendants that amount more than was due, according to their agreement, that the parties traded upon the understanding that said interest was paid; that the county still holds the notes against the defendants.

Upon this finding, judgment was rendered for plaintiff. A motion for a new trial, for the reason that the court erred in rendering judgment upon this finding, being overruled, defendants appeal.

The plaintiff does not seek to recover upon a breach of warranty, or for money paid by him at the request or for the use of the defendants. The claim is that defendants represented that the interest was paid, when in fact it was not paid, and that plaintiff will have to pay the same before he can procure his title.

It is not charged, nor does the court find, or the evidence show, that the defendants willfully made any false or fraudulent representations at the time of the sale. The substance of the averment is, and all the evidence shows, that the defendants were mistaken as to the fact that the interest for 1858 had been paid.

The plaintiff does not aver, nor does the court find, that the plaintiff has suffered by means of the defendants' representations. He has not as yet paid the money due the school fund, nor is it alleged that the defendants are insolvent, or unable to pay the same. Their note is yet with the proper officer, and the defendants are liable to an action thereon at any time.

The plaintiff's recovery in this case would not prevent the school fund from suing and recovering at any time for the same interest. The defendants should not be made twice liable for the same debt. With this view of the case, the court erred in its finding upon the evidence.

Reversed.