W. E. WICKS v. THE GERMAN LOAN AND INVESTMENT
COMPANY and Others, Appellants.

**False representations:** IMPUTED KNOWLEDGE THEREOF.   Where the
agents of a corporation had seen and knew the quality of land
prior to a sale thereof a finding of such knowledge on the part
of the corporation in a suit for misrepresenting the quality was
warranted.

**Same:** REMEDIES OF PURCHASER.   A purchaser of land bought upon
the misrepresentations· of the vendor may keep the property and
sue for damages because of the misrepresentation, or he may
rescind in equity, and the vendor can not complain because he asks
damages simply.

**Same:** EVIDENCE: HARMLESS ERROR.   Any error there may have been
in receiving in evidence a quitclaim deed to the land involved in
this action, offered to defendant with a note received from one
of defendants for an interest in the land, was harmless; especially
as the instruments were afterwards withdrawn.

**Same.** The admission in evidence in this case of a check by which plaintiff paid part of the price was harmless error, the defendant in its answer having admitted receipt of the same.

**Evidence:** PHOTOGRAPHS: IDENTIFICATION. Where, as in this case, the photographer testified that he made certain photographs of the land and that there were rocks and brush on the land as shown therein, sufficient foundation was laid for the admission of the pictures.

**Evidence of value:** COMPETENCY. The fact that a witness testifying to the value of the land in question lived in another state and had but recently learned its value did not render his evidence incompetent, but the weight to be given the same was a question for the jury.

**Same.** Evidence as to the value of the land relating to a time subsequent to the sale was not prejudicial to defendant, where there had been no deterioration in value in the meantime; and as defendant's evidence of value was no more specific than that of plaintiff he was in no position to complain thereof.

**False representations:** AGENCY: EVIDENCE. In this action for misrepresenting the quality of land the evidence is held to sustain a finding that one of defendants was the agent of his codefendant; and that they were both liable for money paid by plaintiff on the purchase price.

**Same:** MEASURE OF DAMAGES. In an action for the misrepresentation of the quality of land sold the purchaser is entitled to recover the difference between the actual value and the agreed price, including that part of the purchase price represented by a note and mortgage upon the land which had passed into the hands of an innocent purchaser, and for payment of which the vendee had become liable.

*Appeal from O'Brien District Court.*—Hon. William Hutchinson, Judge.

TUESDAY, FEBRUARY 7, 1911.

SUIT at law to recover damages for fraud and deceit in the sale of land. Verdict and judgment for the plaintiff. The defendants appeal.—*Affirmed.*

*J. L. E. Peck* and *Herrick & Herrick,* for appellants.

W. D. Boles and E. M. Sayles, for appellee.

SHERWIN, C. J.—In March, 1901, the German Loan & Investment Company, one of the defendants herein, purchased a quarter section of land in Northwestern Minnesota. It was still the owner of said land in December, 1907, and at that time it made the defendant G. N. Close its agent for the sale thereof. Thereafter Close induced the plaintiff to unite with him in the purchase of the land for $2,000, one-half of which was to be paid in cash, and the remainder was to be secured by a mortgage on the land. Close told the plaintiff that he was to receive $100 commission for the sale of the land and would divide it with him. Under the agreement between the plaintiff and Close, the plaintiff paid $950 in cash, $50 of which was for Close's part of the commission, took the title in his own name, and executed his individual note and mortgage for $1,000 for the remainder of the purchase price. Close then gave the plaintiff his note for $500 to cover the money advanced by the plaintiff for him in the cash payment. This note was not to become due until the land was sold. The plaintiff had not seen the land when the purchase was made, and in his petition he alleged false and fraudulent representations as to its quality on the part of Close and Artherholt and on the part of the Investment Company through both of them. The jury found against all of the defendants on that issue.

The appellants contend that there should have been a directed verdict for them because of lack of evidence that they knew the representations were false when made, and because the petition does not allege that the statements were made as of their own personal knowledge. There is, in our judgment, ample evidence to sustain a finding of personal knowledge as to the quality of the land. Facts were proven from which it might justly be inferred that both Close and Artherholt had seen the land and knew its

quality long before the sale to plaintiff.  *Hubbard v. Weare,* 79 Iowa, 678.  And it is worthy of note that they did not deny personal knowledge otherwise than in their pleadings, and the petition, in the broadest way, alleges that the representations were made as of their own personal knowledge. It is also said that under the facts disclosed the plaintiff was not entitled to recover in this form of action.  No question of this kind was made in the court below, as we understand the record, and hence it is now too late to raise it.

But aside from that, the plaintiff might elect whether he would keep the land and sue for damages for false and fraudulent representations, or bring an action in equity to rescind, and a party who is guilty of fraud and deceit is in no position to complain because only damages are asked on account thereof.

In his petition the plaintiff offered to quitclaim the land to the defendants, and to return the Close note of $500, and the deed and note were offered in evidence.  Both were clearly incompetent, but the defendants could not have been prejudiced by the ruling.  Moreover, one or both were afterward withdrawn.

The plaintiff paid the $950, of which we have spoken, by an ordinary bank check, and this was admitted in evidence over the objection of the defendants.  Why it was offered, or why it is now complained of, is beyond our comprehension.  The answer admitted having received the check and the cash thereon.

Photographs of parts of the land were put in evidence.  These were made by Mr. Brown, an amateur photographer, as we understand it, and the objection to them was that no proper foundation had been laid for their introduction, and no identification made of the land.  The pictures showed rocks and brush.  Brown testified, in substance, that he made the photographs, and that there were rocks and brush on the land, as shown in them.  This was

sufficient to admit the pictures. *Locke v. R. R. Co.*, 46 Iowa, 109. The land was also sufficiently identified.

This same witness testified that he knew the value of the land in question and then what such value was. It is said that he was an incompetent witness as to value because he lived in Iowa, and had learned what the value of the land was in a short time. We think there was no error in admitting his testimony; its value was for the jury to determine.

It is also said that the testimony as to value of this and other witnesses did not relate to the time of the sale to the plaintiff but a year later. It fairly appeared, however, that during the time in question lands in that neighborhood had not depreciated in value, hence the appellants could not have been prejudiced. Furthermore, the appellant's evidence of value is no more specific and they are hardly in a position to complain. Some other rulings on the introduction of evidence are criticised, but we find no error demanding a reversal of the judgment.

The appellants asked the court to direct the jury that no recovery could be had against the Investment Company and Artherholt for the payment of $950. It is said that, inasmuch as the plaintiff and Close agreed to buy the land together, Close became a principal dealing with the other defendants for the purchase of the land, but the evidence is quite convincing that, while Close was purporting to be a joint purchaser with the plaintiff, he was in reality using that as a means of making a sale to the plaintiff alone. The evidence shows that Close was at the time financially worthless. He put no money into the transaction. On the contrary, he got $50 of the plaintiff's money. The note that he gave the plaintiff may or may not become due, depending entirely on whether the land is ever sold, and the note is now of no value. The money paid by the plaintiff was received by the Investment Company and Artherholt. The land was deeded to the plaintiff and he

alone became responsible for the remainder of the purchase money.   The entire transaction and the methods employed by Close in bringing the sale about were fully understood by Artherholt and the Investment Company, and they paid Close a commission for making the sale.   With such facts before it, the jury was fully warranted in finding that Close was the agent of his codefendants, and that they are liable for the money paid by the plaintiff.   There clearly had been no termination of the agency of Close, and, if the agency still existed, his codefendants are liable.

Instructions to the effect that the plaintiff could not recover for the $1,000 of the purchase price represented by his note and mortgage were also requested and refused, and the court instructed that the measure of the plaintiff's recovery was the difference between the actual value of the land at the time of purchase and the price paid for it. Nothing was said about the note and mortgage, but the jury evidently treated the amount thereof as a part of the price paid for the land.   The appellants invoke the general rule that a party can not recover damages without proof that he has sustained them, and rely upon *Kimmans v. Chandler,* 13 Iowa, 327, in support of their contention that the instructions should have been given.   In that case the defendants had assigned to the plaintiff a land contract, representing that the interest due thereon at the time of the assignment had been paid, whereas interest was unpaid which the plaintiff claimed was an incumbrance on the land, and which he would have to pay before he could obtain title.   A recovery was denied the plaintiff because the defendants were liable on a note given for said interest, and they were not shown to be insolvent, and because there was no charge of fraud or false representations.   The case is clearly not an authority controlling here, because there was no direct personal liability on the part of the plaintiff. In 14 Am. & Eng. Enc. of Law, 142, the rule applicable to the facts here is stated thus:   "The rule that contingent

damages are not enough does not apply where, by reason of fraudulent representations, a liability to loss is incurred, if such liability is coupled with a legal obligation from which there is no escape. In other words, actual damages need not have already resulted, but it is sufficient if actual damage is inevitable." Here, the plaintiff is personally liable on the note, and the mortgage holds the land for its payment. There is no showing that the plaintiff is not himself financially responsible, and the note and mortgages are in the hands of a third party who is an innocent holder thereof. The plaintiff's liability is therefore inevitable. It is not a case where no damage may ever be sustained, nor is it analogous to a case of principal and surety. In the latter case, the relation grows out of the consent of all parties, while here the right of recovery is based upon a positive wrong committed by the defendants against the plaintiff. In *Kenyon v. Woodruff,* 33 Mich. 310, it is said: "It would be very unreasonable to hold that where one is drawn by the fraud of another to perform an act which gives a third party a right of action against him, and which has eventuated in a judgment which is indisputably collectible against him, the wrongdoer may still insist that his responsibility to the party he has by his fraud caused to be accountable to the third party is required to. be governed by those rules which naturally and justly apply where one by choice assumes a relation of accountability on behalf of one to the other." In *Case v. Hall,* 24 Wend. (N. Y.) 102 (35 Am. Dec. 605), it was held that if a vendor fraudulently represents goods sold to be his own when he knows them to belong to a stranger, an action will lie to recover damages therefor, though the real owner has not recovered the property nor the purchaser suffered any actual damage. See, also, in support of the same principle, *Ely v. Stannard,* 46 Conn. 124; Sedgwick on Damages, 229.

The rule is a wholesome one, and we are of the opinion

that the court was right in refusing the defendants' request and in the instructions given. The court instructed fully as to the proof necessary to entitle the plaintiff to recover and did not err in refusing other instructions asked by the defendants. The appellants' brief and argument wholly fails to comply with our rules as to points and authorities, and we may have overlooked some matter, though we believe we have covered the material ones. The judgment is *affirmed.*