T. J. QUALLEY, Appellee, v. CITIZENS SAVINGS BANK, Appellant.

FRAUD: Evidence. An allegation of material and false representations of fact necessarily requires the production of proof thereof. Offered testimony reviewed, and held improperly excluded.

EVIDENCE: Parol as Affecting Writings.. The rule against varying or contradicting a writing by parol has no application under an issue of damages for fraud in obtaining the writing.

FRAUD: Affirming Contract and Recovering Damages. The victim of a fraud-induced contract may affirm, and recover the resulting damages.

*Appeal from Winneshiek District Court.*—H. E. TAYLOR, Judge.

MAY 4, 1920.

THE appellant demands a reversal because certain testimony offered by him was excluded.—*Reversed.*

*Frank Sayre,* for appellant.

*E. R. Acres* and *R. J. Sullivan,* for appellee.

SALINGER, J.—I. The defendant bank held a mortgage on the lands of plaintiff. It entered into an arrangement with him through which it received a deed to said lands from him. Concurrently with the deed, a contract was made, which, among other things, reserved possession in the grantor for a stated time. The tenant of the grantor paid into the defendant bank $1,000 rent money. The bank refused to pay this sum to the landlord, this plaintiff, on the ground that he had injured the bank in a sum much larger than $1,000 by the making of alleged false representations at the time the bank took deed and made contract, and possibly because of alleged breaches of guaranty then made

by plaintiff to the bank. This suit is one to recover said $1,000. The bank met the petition with an affirmative defense. It must be stated quite fully, in order to determine whether certain testimony offered by appellant was rightly excluded.

II. The affirmative defense is this: The deed and the contract were made at the same time, and delivered together as a part of the same transaction, as an inducement to and as a part of the consideration to defendant. Plaintiff, before the signing and delivering, "made certain oral representations and guaranty to this defendant as to the true measure of indebtedness subsisting at that time" because of a certain life lease and mortgage held by Jule T. Qualley and two mortgages to C. J. Weiser. It is averred that said oral representations and guaranty were, in effect and substance, that all of the incumbrance held by said Qualley "was paid, down to $2,500; that all of the interest on the Weiser mortgage was paid for the years 1915 and 1916, and plaintiff undertook to pay one half of the interest on the Weiser mortgage for the year 1917 and up to May 1st of that year." Defendant "further avers and explains that, according to such representations and guaranty, it was the intention of these parties that the true consideration assumed to be paid by defendant upon the life lease and the two mortgages was the Qualley life lease and mortgage, which amounted to $2,500, and that all the interest on the two Weiser mortgages was paid to the first day of May, 1917, and that such was to be the true and full consideration to be paid by defendant upon said terms." It is alleged that defendant "so understood it to be from the said representations and guaranty, and that plaintiff knew defendant so understood the transaction as to the measure and extent of the consideration of the said Qualley and Weiser items." There is an allegation that the statements made "were false and fraudulent, and were known and intended by plaintiff

to be false and fraudulent, for the purpose of misleading, deceiving, and defrauding defendant;" that they did mislead and defraud it; and that the transaction was entered into by appellant in reliance upon these false and fraudulent representations and said guaranty; and that it was thereby injured in a sum greater than any it was owing to plaintiff.

The fair interpretation of this pleading is that the bank was injured by said false and fraudulent representations made to it by plaintiff, and was damaged by a breach of the guaranty made.

III.   The defendant offered to prove by its cashier, who conducted the transaction in question, the following: That witness talked with plaintiff about taking over the lands and helping an adjustment of the situation between plaintiff and the bank; that, in this talk, there was discussed the amount of the debts owed by plaintiff on the Qualley farm on account of the Jule T. Qualley life lease and the amount of the two Weiser mortgages; that witness asked plaintiff about the amounts of these claims, "and he explained that he was assuring me as to such amounts as a guaranty, as I told him that I didn't know and could not know, for the bank, as I had control only of the mortgage he had made to the defendant bank, and that I would have to rely upon his representation as to the actual amount of the said debts; and he said I could rely upon his statements as to the amounts actually due and to become due on the said lease and said mortgages, and accordingly, upon that answer to me, that assurance, I did rely upon his representations as to such amounts;" that, while the negotiations were in progress, but before signing and delivering of the papers, plaintiff said to witness and assured him and "worded out to him" that plaintiff understood witness was asking for a direct representation and guaranty that he would "truthfully tell me the amount of said named items;

and plaintiff said further that all the mortgage to Jule Qualley was paid, down to $2,500, and only $2,500 remained unpaid thereon; that all the interest on the Weiser mortgage was paid, except that only which would accrue between November 20, 1916, to the month of May, 1917; and that the interest installments accruing on the Weiser mortgages for the two years ending November 20, 1915, and November 20, 1916, were fully paid; and that he would pay that portion of the next following annual installment as it accrued to the 20th of May, 1917, from the previous 20th of November;" and that witness would not have made the adjustment for the bank as it was finally written up in the form of deed and contract, if plaintiff had not stated as he did that he would guarantee the amounts of items on the said incumbrances; further, that the bank had paid $2,215 on account of said incumbrances over and above what plaintiff had orally represented them to be.

Objections to this offer were sustained, and it is now to be determined whether that ruling was a correct one.

It was objected that all of the offer was incompetent, irrelevant, and immaterial, and that it was not within any issue in this action. The offered testimony is, in substance,

1. FRAUD: evidence.

that false and fraudulent representations were made as to the amount due on incumbrances upon the land which defendant bought, and that there was a guaranty that the representations were true, and a species of guaranty that plaintiff would see that certain payments of interest were made. This testimony tended to prove, in part at least, the very things pleaded by the defendant. It therefore is neither incompetent, irrelevant, or immaterial, and is clearly within issue joined in the action.

Neither is the objection tenable that the testimony "is calling for conclusions and assumptions." It is a statement of what was said and done.

Further objection is that the testimony is an attempt to change, vary, and contradict the terms of a written agreement by parol. Whatever is to be said as to this part of the objection applies equally to the further and only other objection: to wit, that the testimony should not be received because defendant is not repudiating the land purchase transaction. Both these objections would be good if there were no claim of fraud in the case, or if the offered testimony did not tend to prove, or was not a link in the chain of proving, that a fraud was committed. This seems to be realized, because the appellee says:

2. EVIDENCE: parol as affecting writings.

"While fraud is charged by defendant, the real contention, and that offered to be shown by McKay's evidence, is that the real contract, as talked and understood between the parties, was not embodied in the writing;" that nothing is really claimed except that defendant misunderstood.

We cannot so read the defense pleaded, nor the testimony offered. Proceeding, then, on the theory that fraud is involved, it is elementary, of course, that oral testimony stating the alleged fraudulent representations is not to be excluded for being a parol variance of a writing. As for the rest, the objection invokes the general rule that one who repudiates must repudiate *in toto* or not at all. The rule is not applicable. Fraud does not do more than give the right of avoiding to the defrauded party. He can waive that and affirm. And though he so retains all that the bargain delivered to him, he may recover damages, in order that he may be placed in the same position that he would have been in had the thing delivered truly been what it was represented to be. He can say to the other party:

3. FRAUD: affirming contract and recovering damages.

"You agreed to sell me a farm clear of incumbrances. You falsely and fraudulently told me it was clear. I find it is incumbered. I will keep the farm, but you must pay me

a sum which will enable me to possess what you represented I did have, an unincumbered farm."

We are constrained to hold that the objections made should have been overruled, and, therefore, the judgment below must be—*Reversed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.