JULIUS MILLER, Appellee, v. DAVID J. CONN, Appellant.

**VENDOR AND PURCHASER:** Optional Remedies of Defrauded Vendee. Principle reaffirmed that a vendee who has been fraudulently induced to purchase has the option (1) to rescind, and (2) to affirm.

**TRIAL:** Instructions—Submission of Issues. An instruction which submits all the fact questions constituting an estoppel is sufficient, without designating the defense by the term "estoppel."

**VENDOR AND PURCHASER:** Remedies of Purchaser—False Representations and Sale in Gross. A vendor who has induced a purchase by false representations as to acreage may not defeat a recovery for the deficiency by showing that the sale was "in gross."

**VENDOR AND PURCHASER:** Remedies of Purchaser—Excessive Verdict. Record reviewed, and held to show that a verdict for damages for deficiency in acreage was excessive.

*Appeal from Boone District Court.*—R. M. WRIGHT, Judge.

· MARCH 14, 1922.

ACTION to recover damages for shortage in acreage of a farm purchased by appellee from appellant. Facts are set out in the opinion. Jury returned a verdict for plaintiff in the amount of $2,745, with interest from March 1, 1920, on which judgment was rendered, and from which defendant appeals.— *Modified and affirmed.*

*Dyer, Jordan & Dyer*, for appellant.

*T. J. Mahoney* and *F. L. Mackey*, for appellee.

ARTHUR, J.—In February, 1920, appellee, then a resident of Estherville, Iowa, came to Boone, Iowa, with the intention of buying a farm, if he could find one that was satisfactory. He was accompanied by a real estate dealer named Kennedy. They were met by one Cooper, of Boone, also a real estate dealer, who showed them a farm; but appellee did not deal for it. While they were in Cooper's office, another real estate agent, named Page, came in. Cooper told Page what appellee wanted, and asked if he knew of any farm for sale that might meet the requirements. Page suggested a farm owned by appellant, and appellee, with Cooper and Kennedy, went to the farm to examine it. Then they returned to Cooper's office, where appellant, in response to a telephone message, met them. Appellant priced his farm at $50,000. They all went to the farm again, and again returned to Cooper's office, and a contract was written and signed by the parties, by which appellant sold to appellee the farm, at the agreed price of $50,000, on the terms set forth in the contract. Afterwards, appellee paid appellant for the farm, in accordance with the terms of the contract, with the exception of $200 of the purchase price, which was to be withheld until some defect in the title was cured, and about which there is no controversy in this case.

This action is based on fraudulent representations as to the acreage of the farm. Plaintiff alleged, and offered evidence tending to prove, that defendant represented to him that the farm contained 100 acres, including the highways, and that the land inclosed within the fences contained between 94 and 95 acres; that said representations were false; and the other neces-

sary premises of a case based on such fraudulent representations. Defendant denied making representations of any kind to the plaintiff showing or intending to show that the farm contained 100 acres, and averred that the farm was sold as an entirety. for the sum of $50,000, and that the price was not based on $500 or any other sum per acre. Defendant further alleged that, before the contract of purchase was signed, plaintiff was fully advised that the land contained approximately 95 acres; that defendant had told plaintiff that the tract contained approximately 95 acres; and that plaintiff was fully advised, before he accepted the deed to the property, of the exact acreage it contained, and accepted the deed with full knowledge of those facts, without objection, and executed a mortgage back to the defendant, as provided in the contract, for part of the purchase price, in which mortgage it was stated that the tract contained approximately 95 acres; that, at all times before plaintiff agreed to purchase and did purchase said property, he was aware of the number of acres said tract contained; and that plaintiff was estopped from claiming that the farm contained a smaller number of acres.

Replying, plaintiff averred, with reference to the mortgage given by plaintiff to defendant on the premises, that he executed such mortgage in accordance with the terms of his contract; that the mortgage contained the same description as was contained in the deed received from the defendant; that in said description the distances were given in part only, by chains and links, and that plaintiff did not know, at said time, that the description of said land in said deed and mortgage covered less than 95 acres; that the description so given was insufficient to apprise the plaintiff of the acreage. Further replying, plaintiff averred that, even if he had known that the description in the mortgage and deed showed less than 95 acres, he at said time had no knowledge or information as to what part, if any, of the land included in said description was in the roads adjoining said premises; and that, at the time of the execution of said deed and mortgage, the defendant again expressly stated to plaintiff that there were more than 95 acres inside of the fences, and that the premises contained 100 acres, including the roads.

Under the issues thus joined, the case was submitted to a

jury, the court instructing that the burden was on the plaintiff to establish: That the defendant represented to plaintiff that the land purchased contained 100 acres, including the highways; and that the land inclosed within the fences contained between 94 and 95 acres; and the other matters necessary to make out the case based on fraudulent representations. The jury returned a verdict in favor of the plaintiff for $2,745, with interest from March 1, 1920, the date of the contract of the purchase of the land in controversy.

Errors assigned relied upon for reversal are:

(1)   The verdict was contrary to law and the instructions of the court, and is not supported by the evidence.

(2)   The verdict is excessive.

(3)   The undisputed testimony was that appellee was informed, before he completed the transaction, that there were less than 100 acres in the farm.

(4)   The undisputed testimony was that appellee knew, or should have known, that the description contained in the deed he accepted showed less than 100 acres.

(5)   The defense of estoppel was not defined or explained or submitted to the jury in the court's instructions.

(6)   The defense that the farm was purchased as an entirety was not submitted or explained to the jury in the court's instructions.

Counsel's argument under his first assignment of error is quite exhaustive and able, but is not applicable to the case. Counsel assume the position that plaintiff's only remedy was to promptly rescind the contract, after discovery of the fraud which he claimed was perpetrated upon him concerning the acreage of the land bought by him. Undoubtedly, a vendee who has been induced to purchase by fraudulent representations has the option either to rescind the contract or to affirm it and claim damages to make the bargain what it would have been, had the representations been true. *Wicks v. German Loan & Inv. Co.*, 150 Iowa 112; *Shuttlefield v. Neil*, 163 Iowa 470; *Qualley v. Citizens Sav. Bank*, 188 Iowa 1212.

1. VENDOR AND PURCHASER: optional remedies of defrauded vendee.

The second assignment, "that the verdict was excessive," we will discuss later.

Appellant complains that his defense of estoppel was not submitted to the jury. True, the court did not submit a defense styled "estoppel," but the questions involved in the claimed estoppel were submitted; because the jury was required, by specific instruction, to find that the plaintiff had negatived or disapproved all matters set up in the plea of estoppel, before it could find a verdict for the plaintiff.

2. TRIAL: instructions: submission of issues.

Appellant complains that his position that the farm was sold as an entirety was not submitted. Such position is not tenable. The case was submitted on the theory of the fraud claimed, and the plaintiff was required to prove every element of such claimed fraud; and the whole theory of the submission was that the sale was in gross. The authorities hold, so far as they refer to fraud, that, where fraud is alleged and proven, there may be recovery, notwithstanding the sale was in gross. Indeed, if the sale was by the acre, then fraud need not be proven, to warrant recovery. *Gardner v. Kiburz,* 184 Iowa 1268.

3. VENDOR AND PURCHASER: remedies of purchaser: false representations and sale in gross.

No instructions were requested. No specific objections are made to the instructions given. Only the quite general criticism is made that defenses interposed by defendant were not properly explained and submitted to the jury, which criticism we have already discussed. However, we have examined the instructions, and conclude that the case was submitted with clearness and without error.

We come now to consider the complaint that the verdict is excessive. Really, this is the only assignment which is briefed and argued in a manner to command our consideration. The land was measured by a surveyor at the time of the trial, and his measurement is undisputed. His measurement shows that, including the roads,—there were roads on three sides of the farm,—there were 94.51 acres, and that inside of the fences, excluding the roads, there were 90.01 acres. It is manifest from the verdict that the jury found a shortage of 5.49 acres: that is, that the representation made by defendant was that there were 100 acres in the farm, including the roads, and that the actual measurement, showing 94.51 acres, would make a shortage of

4. VENDOR AND PURCHASER: remedies of purchaser: excessive verdict.

5.49 acres, which, at $500 an acre, would produce the verdict. There was conflict in the evidence as to the statement made by the defendant concerning the acreage of the farm. We think it does appear by a preponderance of the evidence that the defendant represented to plaintiff that there were inside of the fences between 94 and 95 acres. In a more general way, it was stated that it was a 100-acre farm, including the roads. We think it is fairly shown from the evidence that plaintiff was deceived in the number of acres inside of the fences, to the extent that the acreage fell short of between 94 and 95 acres. It was shown conclusively that the farm, including the roads, contained 94.51 acres, and that is approximately what the evidence shows the defendant represented the acreage inside of the fences to be, which is 4½ acres less than plaintiff represented the acreage inside of the fences to be, which, at $500 per acre, would be $2,250. Plaintiff's claim was that he was buying the farm at the rate of $500 per acre. We think that, to be in harmony with the mathematics of the case, the verdict should be for only $2,250, with interest thereon from March 1, 1920, and that the court should have reduced the verdict to that amount.

We have carefully examined the record, and find no other error. If appellee, within 15 days from the filing of this opinion, shall file a remittitur, reducing the verdict in accordance with our finding, the judgment of the trial court, as so modified, will stand affirmed. Otherwise, the judgment of the court below will be reversed, and the case remanded.—*Modified and affirmed.*

STEVENS, C. J., EVANS and FAVILLE, JJ., concur.